# BARNES & THORNBURG LLP

Chad S.C. Stover
(302) 300-3474
Email: chad.stover@btlaw.com

1000 N. West Street
Suite 1500
Wilmington, DE 19801
Fax (302) 300-3456

www.btlaw.com

May 13, 2022

**VIA CM/ECF**

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 10
Wilmington, DE 19801

Re:      ***PerDiemCo LLC v. CalAmp Corp.,*** **C.A. No. 20-1397-VAC-SRF**

Your Honor:

In response to CalAmp's challenges to PerDiem's lack of compliance with the Case Scheduling Order, including the untimeliness and insufficiency of its disclosures, PerDiem has resorted to arguing that CalAmp is actually to blame for its failure to prosecute this case. PerDiem's May 12 letter (D.I. 47) continues this strategy. When CalAmp challenged the adequacy of PerDiem's "Initial Infringement Contentions," PerDiem responded by asserting that it needed CalAmp's sales figures (contrary to its previous position), more technical documents (although CalAmp produced core technical documents on December 20, 2021), and other materials not required by the Local Rules or Orders in this case (namely, source code and "dummy accounts") before PerDiem could produce claim charts relating each accused product to the asserted claims that product allegedly infringes.

PerDiem's attempts to shift blame to CalAmp are undercut by the fact that, prior to CalAmp challenging PerDiem's conduct and insufficient disclosures, PerDiem did not approach the Court for assistance with the alleged deficiencies in CalAmp's productions or relief from its deadlines. If PerDiem's ability to produce timely and complete disclosures under § 7(a) and § 7(c) of the Case Scheduling Order was truly impacted in some way by CalAmp's conduct (which it was not), PerDiem could have proactively raised these issues with the Court and sought appropriate relief. It did not, because PerDiem's failures to prosecute and to comply with the Case Scheduling Order have been of its own making.

Initially, PerDiem failed to take *any steps* to prosecute this action for almost *nine months* following the filing of CalAmp's Answer. PerDiem did not engage in any discovery with CalAmp or any third parties related to this case. (D.I. 26 at ¶ 2.) PerDiem did not file any motions or other papers. CalAmp did not receive any communications whatsoever from PerDiem until September 14, 2021, after the Court had ordered the parties to confer and file a proposed scheduling order by September 23. (*Id.* at ¶ 4.)

The Honorable Sherry R. Fallon
May 13, 2022
Page 2

The parties stipulated to and filed a Proposed Case Scheduling Order on September 23, 2021 (D.I. 13), which the Court entered as an Order on October 27, 2021 (D.I. 16). In that case schedule, PerDiem agreed that, by October 14, 2021, it would "identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s)" and would "produce the file history for each asserted patent." (D.I. 13, 16, at § 7(a).) October 14 came and went with no disclosure or production by PerDiem. Nearly a month later, on November 12, 2021, PerDiem produced *partial* file histories for each of the Patents-in-Suit. (D.I. 26 at ¶ 6; D.I. 26-1.)

The day after receiving PerDiem's production, CalAmp inquired about the absence of the remaining disclosures that had been due October 14, and PerDiem responded that it anticipated producing the § 7(a) disclosures "early this coming week." (D.I. 26 at ¶ 7; D.I. 26-2.) On November 19, 2021 – more than a month after the date it had stipulated to – PerDiem provided CalAmp with its Identification of Accused Products and Asserted Patents. (D.I. 20; D.I. 26 at ¶ 8; D.I. 26-3.) To CalAmp's surprise, this disclosure newly identified 14 accused products (beyond the three that PerDiem had named in the Complaint). (D.I. 26-3.)

PerDiem faults CalAmp for failing to produce core technical documents and sales figures on November 16 as specified in the Case Scheduling Order. (D.I. 28 at 14-16.) Of course, it was impossible for CalAmp to produce core technical documents and sales figures for the accused products on November 16, when PerDiem did not even identify the accused products until three days later on November 19. (*See* D.I. 20; D.I. 26-3.) Additionally, when CalAmp raised concerns about the significant burden of collecting core technical documents and sales figures for the many accused products newly identified by PerDiem on November 19, PerDiem responded by telling CalAmp that it was only seeking core technical documents and that CalAmp need not produce sales figures. (D.I. 26-5 ("We also seek only 'core' technical documents for each of these products at this time.").)

Although the process of gathering core technical documents for all 17 of the "Infringing CalAmp Products" identified by PerDiem was onerous, CalAmp worked diligently to complete that task and produced those documents to PerDiem on Monday, December 20, 2021 – only one month after receiving the Identification of Accused Products and Asserted Patents. (D.I. 26 at ¶¶ 12-13; D.I. 26-7.) CalAmp's production included documents "sufficient to show how the accused products work, including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications," as required by the Case Scheduling Order. (D.I. 16 at §7(b).) It also included the "system-level and device-level user guides, documents and material used by CalAmp to administer each accused product and service as well as all documents provided to end users and customers to configure each accused product and service" that PerDiem had specifically requested from CalAmp. (D.I. 26-5.) CalAmp has already produced the core technical documents needed to evaluate whether or not each of the accused products practices the claims of the asserted patents.

Under the Case Scheduling Order agreed to by PerDiem and entered by the Court, "[a]bsent agreement among the parties, and approval of the Court," by January 13, 2022, PerDiem was required to "produce an initial claim chart relating each known accused product to the asserted

The Honorable Sherry R. Fallon
May 13, 2022
Page 3

claims each such product allegedly infringes." (D.I. 13, 16, at § 7(c) (emphasis added).) CalAmp even agreed to an extension of this deadline until January 20. (*See* D.I. 26 at ¶ 13; D.I. 26-7.) PerDiem never sought the Court's approval of *any* extension of the January 13 deadline set forth in the Case Scheduling Order but, instead, simply waited until February 7, 2022, to produce its "Initial Infringement Contentions." (D.I. 48-2.) As detailed in CalAmp's May 12 letter to the Court, those contentions are deficient because they fail to show how each of the accused products meets each and every limitation of each claim alleged to be infringed with that product. (D.I. 48.) Prior to the present discovery dispute, PerDiem never asserted that the core technical documents produced by CalAmp on December 20, 2021, were insufficient to allow PerDiem to compare the accused products to the claims of the asserted patents or prepare the required claim charts. Even PerDiem's May 12 letter to the Court does not explain any specific claim limitations it has been unable to evaluate based on the core technical documents already produced by CalAmp or why the additional documents now demanded are needed to prepare complete infringement contentions.

PerDiem now demands that CalAmp produce sales figures and additional technical documents (beyond the core technical documents, which CalAmp already produced) and provide access to source code and a "fully-functional 'dummy' account"[1] for each of the products identified in PerDiem's November 19 Identification of Accused Products and Asserted Patents (D.I. 48-1), despite not having produced claim charts that demonstrate infringement by any of these products (*see* D.I. 48; D.I. 48-2). However, Rule 26 limits the scope of discovery to "any nonprivileged matter that is *relevant to any party's claim or defense* and proportional to the needs of the case." Fed. R. Civ. P. 26(b) (emphasis added). Despite having the core technical documents in its possession for nearly 5 months now, PerDiem has not demonstrated that it has a viable claim against any of the accused products.

This Court's Default Standard for Discovery, as well as the Case Scheduling Order adopted in this action, provide for an ordered approach to overcoming the "chicken-or-egg" problem of defining what products are relevant to the case (and, thus, what the scope of discovery will be). First, the plaintiff identifies the patents at issue and what products it believes are relevant. Second, the defendant produces "core technical documents" on those products sufficient to allow the plaintiff to evaluate infringement. Third, the plaintiff must then produce claim charts demonstrating how the asserted claim(s) read on each of defendant's products. Without doing so, the plaintiff has not shown the product(s) are "relevant to any party's claim or defense" under Rule 26. CalAmp produced the core technical documents for the products identified by PerDiem back in December, but PerDiem has yet to meet its obligation to produce claim charts showing the relevance of any of these products to this case. Until PerDiem does so, it has not demonstrated that it is entitled to further discovery on these products.

---

[1] CalAmp cannot provide access to "fully-functional 'dummy' account[s]" because they do not exist. As PerDiem has noted, CalAmp's software handles data from tracked devices (e.g., installed in trucks, cars, or other vehicles). While CalAmp could create "dummy" accounts for its software, these dummy accounts would not have any tracked devices and, thus, would not be functional.

The Honorable Sherry R. Fallon
May 13, 2022
Page 4

Respectfully,

*/s/ Chad S.C. Stover*

Chad S.C. Stover (No. 4919)

cc:     Clerk of Court (via hand delivery)
        Counsel of Record (via CM/ECF)