

**DEVLIN**
**LAW FIRM LLC**
INTELLECTUAL PROPERTY LAW

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

May 13, 2022

**VIA ELECTRONIC FILING**

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
844 N. King Street, Unit 14
Wilmington, DE 19801

Re: *PerDiemCo LLC v. CalAmp Corp.*, C.A. No. 20-1397-VAC-SRF

Dear Judge Fallon:

At its core, Defendant CalAmp Corporation's ("CalAmp") May 12, 2022 letter brief complains that Plaintiff PerDiemCo, LLC's ("PerDiem") initial infringement contentions are deficient because not every accused product from PerDiem's November 19, 2021 "Identification of Accused Products and Asserted Patents" are separately charted in the infringement contentions. CalAmp's letter brief is both wrong and premature.

On multiple occasions, PerDiem has explained what CalAmp obviously knows about its own products and services. The CalAmp Telematics Cloud ("CTC") is integrated with and provides back-end, server-side processing for CalAmp's various customer-facing applications. CalAmp has either changed the names of its customer-facing applications or replaced older customer applications with newer application. But the customer-facing applications of which PerDiem is aware and believe infringe include FleetOutlook, AssetOutlook, GovOutlook, LenderOutlook, DeviceOutlook, iOn, iOn Vision, SC iOn, iOn Hours, MobileLocate, and Synovia Solutions (a/k/a "Here Comes The Bus"). All of these customer-facing applications and services are listed in PerDiem's Identification of Accused Products along with the CTC, which is integrated with each customer application. The figure below is taken from CalAmp's February 28, 2018 Form 10-K (annual report) filed with the Securities and Exchange Commission shows the relationship between the CTC and the Outlook family of products.



DEVLIN LAW FIRM

May 13, 2022
Page 2 of 4

The following, and very similar, figure is taken from CalAmp's February 28, 2019 Form 10-K show the relationship between the CTC and the iOn family of products.



These figures show the integration of the CTC with the customer applications.  Thus, the structure, function, and operation of the CTC is also part of each of the customer applications.  Indeed, based on information currently available to PerDiem, PerDiem believes that the structure, function, and operation of each of the customer applications is substantively the same as it relates to the infringement analyses.

Because of the integrated relationship between each of the accused customer applications and the CTC, it is not surprising that PerDiem used documents describing the customer applications for certain claim elements and documents describing the CTC for other claim elements.  CalAmp is the most knowledgeable party as to its own products and obviously knows the relationship between the CTC and the customer applications.  The chart with the red boxes in CalAmp's letter is misleading.

First, for claim element 1-c, it is true that PerDiem did not rely on any documents but PerDiem disclosed its contention as to how that claim element is satisfied.  The purpose of infringement contentions is to provide the patent owner's infringement theory.  Element 1-c reads "said groups being defined by a first administrator having a first level of administrative privilege."  PerDiem's contentions identify CalAmp as the "first administrator" that uses the "first level of administrative privilege" to define the "groups" (its customers) in its database.  As Judge Stark has noted, "[i]nfringement contentions must serve the purpose of providing notice to Defendants of Plaintiff's infringement theories beyond that which is provided by the mere language of the patent."  *Wi-Lan Inc. v. Vizio, Inc.*, 2018 WL 669730, at *1 (D. Del. Jan. 26, 2018).  "Plaintiff need not in its contention actually prove its infringement case."  *Id.*  Judge Stark made these comments in the context of ***final*** infringement contentions in which the plaintiff had core technical documents from the defendant including source code.  Here, CalAmp

**DEVLIN** LAW FIRM

May 13, 2022
Page 3 of 4

has steadfastly refused to produce discovery including source code unless and until PerDiem provides infringement claim charts that meet its satisfaction.

Second, CalAmp complains that PerDiem's contentions for claim 1 of the '941 patent failed to include one phrase from the claim. *See* CalAmp Letter at 3 (phrase: "receive identifiers and the location information for mobile devices in the group"). While that claim language was inadvertently omitted from the chart, claim element 1-n of that same claim directs the reader to element 1-a for disclosure of the claimed "identifiers"; to element 1-p for disclosure of the "location information"; and to element 1-b for disclosure of the claimed "group." Thus, while those same components were inadvertently not collected in relation to the claim element CalAmp asks this Court to focus on, all three disclosures were made in other parts of the same chart and CalAmp's complaint is nothing more than form over substance.

Worse, CalAmp's Letter Brief is not only misleading, it is premature. On March 10, 2022, the parties conducted a meet and confer call to discuss the discovery issues raised by PerDiem's May 12, 2022 Discovery Letter, and the sufficiency of the initial infringement contentions raised by CalAmp. During the call, counsel for CalAmp could not identify even a single specific omission or error in PerDiem's initial infringement contentions but agreed to later list or itemize the deficiencies so that PerDiem could address them, if necessary. Ex. 1 [3/11/2022 Email from Jackson to Larsen] (highlighting added). Instead of providing an itemization, CalAmp responded on March 23, 2022 by giving the same generic boilerplate description of why the infringement contentions were allegedly deficient for each of the charts for the patents-in-suit. Ex. 2 [3/23/2022 Email from Larsen to Jackson] (highlighting added). CalAmp's submission to the Court yesterday was the first time CalAmp identified any specific criticism it has of PerDiem's claim charts. Had CalAmp made the effort to list what it contends were actual deficiencies, PerDiem would have at least had the opportunity to address those issues without Court intervention. The relief requested in CalAmp's Discovery Letter should be denied for this reason alone.

Moreover, as noted in PerDiem's May 12, 2022 Discovery Letter, the sequence of disclosures under the Court's Scheduling Order was first, PerDiem's identification of accused products, second, CalAmp's production of core technical documents and sales information for each of the accused products, and third, PerDiem's disclosure of its infringement contentions. CalAmp has consistently attempted to effectively overrule this Court's order by insisting on the production of satisfactory infringement contentions before it will produce technical documents like circuit schematics, source code description documents, server-side technical documents used by CalAmp employees, and source code (especially, server-side source code including CTC source code).

Although it is not clear exactly what relief CalAmp now seeks, its request that the Court strike PerDiem's contentions is not appropriate. PerDiem submits that, at this stage of the case, the initial infringement contentions more than adequately disclose the infringement theories. If, however, the Court believes that PerDiem's initial infringement contentions (which lack the benefit of CalAmp's fulsome production of relevant information) are deficient, the appropriate remedy is to order supplementation of those contentions. *See Princeton Digital Image Corp. v. Harmonix Music Systems, Inc.*, 2018 WL 2298340, at *3 (D. Del. May 14, 2018). But PerDiem

DEVLIN LAW FIRM

May 13, 2022
Page 4 of 4

submits the proper course of action is to require CalAmp to produce not only the core technical documents that were due months ago, but also all other technical documents sought by PerDiem's discovery requests.  Production of that information will allow PerDiem to amend or supplement its contentions by the November 6, 2022 deadline for final infringement contentions.[1]  *See* D.I. 16 at 4.  The Scheduling Order expressly states that "[t]he parties may supplement these disclosures [*e.g.*, infringement contentions] until the due date identified above for their final contentions."  D.I. 16 at 4.  PerDiem has no intention of concealing its infringement contentions and never had that intention.  If CalAmp wants more detail, it must produce its core technical documents including its source code.

Finally, CalAmp tries to portray PerDiem as the party obstructing progress of the case, when in fact, the opposite is true.  *See* PerDiem's May 12, 2022 Discovery Letter.  As support, CalAmp also notes that PerDiem missed deadlines in the Scheduling Order.  First, the Scheduling Order was not entered until October 27, 2021, and the deadline for PerDiem's disclosure of accused products had already passed.[2]  Second, once PerDiem served its disclosure of accused products, CalAmp suggested amending the Scheduling Order such that PerDiem's initial infringement contentions would have been due on February 10, 2022.  Ex. 3 [11/24/2021 Email from Larsen].  PerDiem served its initial infringement contentions on February 7, 2021 and CalAmp now argues that those contentions were late.

PerDiem submits that its initial infringement contentions more than adequately disclose its infringement theories.  The Court should not strike those contentions.  And the Court should not stay the case while those contentions are supplemented.  The Scheduling Order expressly provides for supplementation of contentions as the case progresses.  But the case cannot progress until CalAmp is required to begin producing the discovery sought by PerDiem.

Respectfully submitted,

*/s/ Peter A. Mazur*
Peter A. Mazur (No. 6732)

Enclosures
cc:  Clerk of the Court (via CM/ECF, w/encls.)
     All Counsel of Record (via CM/ECF, w/encls.)

---

[1]  Indeed, the deadline for substantial completion of document production is currently set for July 28, 2022.  *See* D.I. 37 at 5.  Unless CalAmp fundamentally changes its approach, PerDiem may be forced to request the Court's assistance on a rolling basis.

[2]  The deadline was October 14, 2021.