

**BARNES & THORNBURG LLP**

1000 N. West Street, Suite 1500
Wilmington, DE 19801-1054 U.S.A.
(302) 300-3434
Fax (302) 300-3456

www.btlaw.com

Chad S.C. Stover
Partner
(302) 300-3474
chad.stover@btlaw.com

REDACTED VERSION OF DOCUMENTS
FILED UNDER SEAL (at D.I. 48)

May 12, 2022

**VIA CM/ECF**

The Honorable Sherry R. Fallon
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 10
Wilmington, DE 19801

    Re: *PerDiemCo LLC v. CalAmp Corp.,* C.A. No. 20-1397-VAC-SRF

Dear Judge Fallon:

  Despite initiating and perpetuating this lawsuit, PerDiem apparently has little interest in complying with its discovery obligations or with the schedule set by this Court. (*See generally* D.I. 24-26, 31 (CalAmp's pending Motion to Dismiss under Rule 41(b) and associated filings).) PerDiem did not identify the accused products in this case until November 19, 2021, over a month past the October 14 date it had stipulated to in the Case Scheduling Order. (D.I. 13 at § 7(a) (entered by the Court at D.I. 16); D.I. 20; D.I. 26 at ¶¶ 5, 8.) PerDiem's belated Identification of Accused Products and Asserted Patents, a copy of which is attached hereto as Exhibit A, identified:

- 14 different CalAmp products as allegedly infringing each of U.S. Patent No. 9,680,941 ("the '941 patent"), U.S. Patent No. 9,871,874 ("the '874 patent"), and U.S. Patent No. 10,021,198 ("the '198 patent");

- 4 different CalAmp products as allegedly infringing U.S. Patent No. 10,277,689 ("the '689 patent");

- 5 different CalAmp products as allegedly infringing U.S. Patent No. 10,284,662 ("the '662 patent");

- 4 different CalAmp products as allegedly infringing U.S. Patent No. 10,382,966 ("the '966 patent"); and

- 17 different CalAmp products as allegedly infringing each of U.S. Patent No. 10,397,789 ("the '789 patent") and U.S. Patent No. 10,602,364 ("the '364 patent").

(Ex. A at 3-5.) Although CalAmp questioned PerDiem's Rule 11 basis for identifying most of these products in the November 19 disclosure, CalAmp worked diligently to gather and produce core technical documents for all 17 "Infringing CalAmp Products" within one month of receiving PerDiem's Identification of Accused Products and Asserted Patents. (D.I. 26 at ¶¶ 9-13.)

The Honorable Sherry R. Fallon
May 12, 2022
Page 2

Under the stipulated Case Scheduling Order, which was entered by the Court, PerDiem was required to "produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes" by January 13, 2022. (D.I. 13, 16, at § 7(c).) This deadline came and went without PerDiem serving any claim charts or seeking the Court's approval for any extension of time. Instead, nearly a month later, PerDiem served CalAmp with a set of "Initial Infringement Contentions," a copy of which are attached hereto as Exhibit B. (*See* D.I. 27.) However, PerDiem still has not complied with § 7(c) of the Case Scheduling Order because the claim charts it served on February 7 fail to address how most of the accused products identified by PerDiem on November 19 (D.I. 20; D.I. 26-3) relate to the asserted patents.

PerDiem's claim chart concerning the '941 patent is representative of the issues that pervade all of its "Initial Infringement Contentions." This claim chart purports to address claims 1, 4, 6-12, 14, 15, and 17-19 of the '941 patent (*see* Ex. B at 366-422), for which PerDiem had previously identified 14 allegedly "Infringing CalAmp Products" (Ex. A at 3). For claim 1, the sole independent claim of the '941 patent, PerDiem's chart fails to cite evidence showing how even one of these 14 accused products meets *each and every limitation* of claim 1, as required to demonstrate infringement. Instead, the chart only addresses how a few of the accused products each purportedly meet a subset of the claim limitations:[1]

| Claim 1 Limitations (using Exhibit B labels) | AssetOutlook Addressed? | CalAmp Telematics Cloud (CTC) Addressed? | FleetOutlook Addressed? |
|---|---|---|---|
| 1-p | Yes | Yes | Yes |
| 1-a | *No* | Yes | *No* |
| 1-b | Yes | Yes | Yes |
| 1-c | *None.* PerDiem simply asserts that, "[a]s the first administrator, CalAmp uses its first level of administrative privilege to specify its customers in the AWS databases," without citing any evidence concerning any accused product. | | |
| 1-d | Yes | Yes | Yes |
| 1-e | *No* | Yes | *No* |
| 1-f | Yes | Yes | Yes |
| 1-g | Yes | Yes | *No* |
| 1-h | Yes | *No* | Yes |
| 1-i | *No* | Yes | Yes |
| 1-j | Yes | Yes | Yes |
| 1-k | Yes | *No* | Yes |
| 1-l | Yes | Yes | Yes |
| 1-m | *No* | *No* | Yes |

---

[1] This table is merely a reflection of the citations in PerDiem's chart for claim 1 of the '941 patent (Ex. B at 375-409) and is not an admission by CalAmp that PerDiem has demonstrated that any of the limitations of claim 1 are met by any of the accused products.

BARNES & THORNBURG LLP

The Honorable Sherry R. Fallon
May 12, 2022
Page 3

| "receive identifiers and the location information for mobile devices in the group" ('941 patent, col. 24, ll. 14-15.) | *None.* This limitation of claim 1 is not addressed at all in PerDiem's claim charts. | | |
|---|---|---|---|
| 1-n | *No* | Yes | *No* |
| 1-o | Yes | *No* | Yes |

PerDiem's chart for claim 1 also cites evidence relating to the Synovia Solutions software only for limitations 1-p, 1-a, and 1-g and evidence relating to GovOutlook™ just for limitation 1-h. The claim 1 chart, however, does not cite any technical documents describing the remaining products that PerDiem had previously identified as infringing: iOn™ Suite of Telematics Services, FleetOutlook Field Pro, LenderOutlook™, DeviceOutlook™, CalAmp iOn™, CalAmp iOn Vision, SC iOn™ supply chain visibility solution, and *MobileLocate*™ (Ex. A at 3). In sum, PerDiem's claim chart for the '941 patent fails to relate any of the accused products to any asserted claim(s), and PerDiem's infringement contentions regarding the '941 patent should therefore be stricken.

PerDiem's claim charts for the '874, '198, '689, '662, '966, '789, and '364 patents all have similar deficiencies to those discussed above for the '941 patent claim chart. These charts generally fail to cite evidence showing how the accused products meet *each and every limitation* of the asserted claims and, instead, for most accused products, only address how each product purportedly meets a subset (if any) of the claim limitations.[2] Additionally, PerDiem's "Initial Infringement Contentions" served February 7 included a "claim chart" for U.S. Patent No. 10,819,809 (Ex. B at 102-114), despite PerDiem's complaint not including any claim for infringement of that patent (D.I. 1). PerDiem has not moved to amend its complaint and cannot add the '809 patent to the case simply by serving an incomplete claim chart. For all the reasons above, PerDiem's remaining infringement contentions should also be stricken. If the Court permits this case to proceed at all, despite PerDiem's failure to prosecute, it should be limited to the claims and products identified in PerDiem's original complaint. (*See* D.I. 24-26.)

CalAmp anticipates that PerDiem will ask the Court for leave to amend its infringement contentions to attempt to correct the numerous deficiencies therein. CalAmp respectfully requests that PerDiem not be permitted to do so in view of its persistent failure to comply with the Court's Case Scheduling Order. If PerDiem is provided another opportunity to serve claim charts in compliance with § 7(c) of the Case Scheduling Order, however, CalAmp requests that the Court stay the case until PerDiem has served those claim charts and then set a new schedule that provides CalAmp with reasonable time periods to amend its invalidity contentions and to identify claim construction disputes before beginning *Markman* briefing.

---

[2] If the Court would like further detail regarding the deficiencies in PerDiem's claim charts, beyond what can be presented in this 4-page letter brief, CalAmp would welcome the opportunity to submit further briefing on this matter.

**BARNES & THORNBURG** LLP

The Honorable Sherry R. Fallon
May 12, 2022
Page 4

The current case schedule calls for the parties to submit a Joint Claim Construction Statement on May 26, 2022, with *Markman* briefing following this summer. (D.I. 44.) However, as discussed above, PerDiem's Initial Infringement Contentions do not provide CalAmp with reasonable notice of PerDiem's infringement theories. PerDiem's failure to provide adequate infringement contentions has vitiated the notice function of such contentions under this Court's rules and orders prejudicing CalAmp. PerDiem has deprived CalAmp of any specificity with respect to what features of CalAmp's allegedly infringing products PerDiem believes correspond to the elements of the Asserted Claims. In turn, this has deprived CalAmp of notice as to how PerDiem is construing the Asserted Claims in their assertions of infringement and what teachings of prior art are relevant to meet those assertions. Because of the deficiencies in PerDiem's Initial Infringement Contentions, CalAmp has been unable to crystallize its non-infringement and invalidity theories and has been hindered in identifying what claim terms need construction. For these reasons, CalAmp respectfully requests that the Court stay the case until the scope of the accused products has been resolved.

Very truly yours,

Chad S.C. Stover

cc: Clerk of Court (via CM/ECF)
Counsel of Record (via CM/ECF)

BARNES & THORNBURG LLP