# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PerDiemCo LLC,<br><br>    Plaintiff,<br><br> v.<br><br>CalAmp Corp.,<br><br>    Defendant. | C.A. No. 1:20-cv-01397-VAC-SRF<br><br>**JURY TRIAL DEMANDED** |

## PERDIEM'S PARTIALLY OPPOSED MOTION
## TO AMEND THE SCHEDULING ORDER

Plaintiff PerDiemCo LLC ("PerDiem") respectfully requests amendment of the Scheduling Order entered in this case as it relates to briefing claim construction issues. PerDiem brings this motion pursuant to the Oral Order of April 7, 2022 (D.I. 41) in which this Court advised the parties of the authorization to do so. Because Defendant CalAmp Corp. ("CalAmp") is the only party to request construction of any claim term and because CalAmp purports to raise more issues than either party can reasonably brief within the existing page limits, PerDiem asks this Court to reverse the order in which the parties are to brief the claim construction issues, with CalAmp, the proponent of every issue to be presented, going first.[1]  Alternatively, if it must go first, as currently scheduled, PerDiem asks that it be allowed to move 10 pages from its Opening Brief to its Reply brief. CalAmp opposes PerDiem's motion to change the order of briefing but does not oppose PerDiem's alternate request to move the 10 pages so long as CalAmp is granted

---

[1] The Scheduling Order currently requires PerDiem to serve the opening claim construction brief. CalAmp then serves its answering brief. PerDiem then serves a reply brief followed by CalAmp serving a sur-reply brief. D.I. 16 at ¶ 13.

1

permission to move 5 pages from its Answering brief to its Sur-Reply. The parties met and conferred on these issues on May 24, 2022.

CalAmp identifies 8 terms and phrases for construction and intends to ask this Court to find a further 46 terms invalid for indefiniteness as part of the *Markman* process.[2] If the only issues presented to this Court were the 8 terms for which a construction is sought, PerDiem would not seek any modification of the current briefing schedule even though it is CalAmp who is the proponent of all 8 requested constructions. Although it appears most of the judges in this District do not accept validity challenges as part of the *Markman* process, with former Chief Judge Sleet referring to the exclusion of indefiniteness validity challenges at the *Markman* stage as "the Court's standard policy," *Harvest Tech. Corp. v. Thermogenesis Corp.*, 12-1354-GMS, D.I. 65, at 12 n.4 (D. Del. Sept. 22, 2014), CalAmp nevertheless insists on briefing that issue as part of *Markman*.[3] Including those allegations in the *Markman* briefing increases the number of total claim terms in dispute to an unmanageable 54 terms.

Should this Court permit briefing of CalAmp's indefiniteness challenges as part of the *Markman* process, the vast majority of the "claim construction" issues raised by CalAmp are issues on which CalAmp will bear the burden of proof under the very high clear and convincing evidence standard. Thus, the majority of the briefing by the parties and analysis by the Court will be directed to issues for which CalAmp bears the burden of proof. For that reason alone, the order of briefing should be switched.

---

[2] PerDiem did not identify any terms requiring construction. There are two prior claim construction orders from the Eastern District of Texas that construe many terms in the patents asserted against CalAmp.

[3] Indefiniteness is an invalidity defense for which CalAmp bears the burden of proof. As with any invalidity defense, CalAmp must prove this invalidity defense by clear and convincing evidence. *See BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017); *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S. 91, 111 (2011).

The briefing order should be switched for a second practical reason.  The parties conducted a meet and confer call on May 24, 2022 in which PerDiem asked CalAmp to provide a very short explanation (even a bullet point) for each allegedly indefinite claim term explaining why CalAmp believes the term is indefinite.  CalAmp said it could not provide any information at that time other than what it said in its May 13, 2022 email that "[f]or each of those terms, after reviewing the intrinsic evidence, we could not discern a construction that provided reasonable certainty as to the scope of the claim(s)."

By refusing to provide any insight into why CalAmp alleges each term is indefinite (despite CalAmp's obligation to meet and confer in good faith), PerDiem is left to guess at what the real issue is for each term and, based on past experience in prior litigations, PerDiem will almost assuredly waste its time and effort presenting arguments in its opening brief that do not correctly anticipate what CalAmp's actual arguments will be.  Moreover, and again based on prior litigation experience, CalAmp likely will not brief all 46 allegedly indefinite terms, narrowing the dispute to a smaller set of terms that can be briefed within existing page limits but only after it forced PerDiem to squander valuable pages on terms CalAmp will later drop from the dispute.

In this context, it makes little sense for PerDiem to be required to serve the first claim construction brief.  PerDiem respectfully submits that the Scheduling Order should be amended such that CalAmp serves the first and third briefs, and PerDiem serves the second and fourth briefs.

Alternatively, if PerDiem is required to serve its brief first, as is currently required by the Scheduling Order, the parties have agreed to adjust the page limits such that PerDiem's opening

brief is limited to 20 pages.  CalAmp's answering brief is limited to 35 pages.  PerDiem's reply brief is limited to 30 pages.  CalAmp's sur-reply brief is limited to 15 pages.

      PerDiem strongly believes that the briefing order should be reversed such that CalAmp serves the first and third briefs because that will allow PerDiem to actually see why CalAmp contends that the 46 claim terms are indefinite so that it can fully respond to the actual arguments CalAmp will make.  This is especially true since CalAmp bears the burden of showing the terms are indefinite and must do so under the clear and convincing evidence standard.  This briefing order will also benefit the Court because it will not have to review arguments by PerDiem that may not squarely address the specific arguments made by CalAmp.

      For the foregoing reasons, PerDiem requests that the Court modify the Scheduling Order so that CalAmp serves the first and third claim construction briefs.  A proposed order is attached.

### D. Del. LR 7.1.1 Statement

      Pursuant to D. Del. LR 7.1.1, the undersigned avers that a reasonable effort has been made to reach agreement with CalAmp on the matters set forth in the motion.  The parties conducted a telephonic meet and confer on May 24, 2022 which included discussion of the issues set forth in this motion.  Delaware counsel for PerDiem, Peter Mazur, and Delaware counsel for CalAmp, Chad Stover, participated in the meet and confer.

Dated:  May 27, 2022                        Respectfully submitted,

                                                DEVLIN LAW FIRM LLC

                                                */s/ Peter A. Mazur*
                                                Timothy Devlin (No. 4241)
                                                Patrick R. Delaney (admitted *pro hac vice*)
                                                Peter Akawie Mazur (No. 6732)
                                                1526 Gilpin Avenue
                                                Wilmington, DE 19806
                                                Tel.: (302) 449-9010
                                                Fax.: (302) 353-4251

tdevlin@devlinlawfirm.com
pdelaney@devlinlawfirm.com
pmazur@devlinlawfirm.com

James D. Berquist (admitted *pro hac vice*)
Donald L. Jackson (admitted *pro hac vice*)
DAVIDSON BERQUIST JACKSON
  & GOWDEY, LLP
8300 Greensboro Dr., Suite 500
McLean, VA 22102
Tel.: 571-765-7700
Fax.: 571-765-7200
jay.berquist@davidsonberquist.com
djackson@davidsonberquist.com

*Attorneys for Plaintiff PerDiemCo LLC*

5