**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PERDIEMCO LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1397-GBW SRF |
| | ) | |
| CALAMP CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Presently before the court in this patent infringement action is a motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b), which was filed by defendant CalAmp Corp. ("CalAmp"). (D.I. 24)[1] Since CalAmp's motion was filed, plaintiff PerDiemCo LLC ("PerDiem") has engaged in the discovery process and served its initial infringement contentions, and claim construction is now fully briefed. (D.I. 27; D.I. 70; D.I. 84) Consequently, I recommend that the court DENY the pending motion to dismiss.

**I.    BACKGROUND**

On October 16, 2020, PerDiem brought this action by filing a complaint against CalAmp for infringement of U.S. Patent Nos. 9,680,941; 9,871,874; 10,021,198; 10,277,689; 10,284,662; 10,382,966; 10,397,789; and 10,602,364 (collectively, the "patents-in-suit"), which are directed to methods and devices for improved location tracking. (D.I. 1) CalAmp answered the complaint on December 28, 2020. (D.I. 8) After nine months of inactivity in the case, the court ordered the parties to submit a proposed scheduling order. (D.I. 10) Following the court's order,

---

[1] The briefing and related filings associated with the pending motion are found at D.I. 25, D.I. 26, D.I. 28, D.I. 29, D.I. 30, and D.I. 31.

PerDiem served discovery requests on CalAmp and responded to CalAmp's discovery requests in addition to submitting a joint proposed scheduling order. (D.I. 13; D.I. 14; D.I. 15)

On October 27, 2021, the court entered the parties' joint proposed scheduling order setting all case deadlines. (D.I. 16) Under the scheduling order, PerDiem was required to identify the accused products and asserted patents by October 14, 2021. (*Id.* at ¶7(a)) Without seeking a formal extension of the scheduling order deadline, PerDiem served its identification of accused products and asserted patents on November 19, 2021, more than a month after the stipulated deadline and three days after CalAmp's deadline to produce core technical documents. (D.I. 20) PerDiem's identification disclosed fourteen newly accused products beyond the three products identified in the complaint. (D.I. 26, Ex. C) PerDiem engaged in other litigation activity in November 2021, including serving its Rule 26(a)(1) initial disclosures and submitting a proposed stipulated protective order. (D.I. 19; D.I. 21)

Under the next applicable scheduling order deadline, PerDiem was required to produce its initial claim chart on infringement by January 13, 2022. (D.I. 16 at ¶ 7(c)) PerDiem made no formal request to extend the deadline set forth in the scheduling order. Two weeks after the deadline expired, CalAmp filed the pending motion to dismiss for failure to prosecute. (D.I. 24) PerDiem served its initial infringement contentions on February 7, 2022. (D.I. 27)

About one month after the completion of briefing on the pending motion, this case was assigned to the Vacant Judgeship docket and was referred to the undersigned judicial officer for adjudication of discovery disputes. (D.I. 33) Discovery was in progress, leading to a number of discovery disputes that have since been addressed by the court, and the case has not been inactive. (D.I. 43; D.I. 56; D.I. 57; D.I. 80; D.I. 82) Briefing on claim construction is complete. (D.I. 84)

2

## II.   LEGAL STANDARD

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Dismissal is an extreme sanction that should only be used in limited circumstances, although it is appropriate if a party fails to prosecute the action. *Harris v. City of Phila.*, 47 F.3d 1311, 1330 (3d Cir. 1995).

To determine whether dismissal is warranted, the court applies six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling order deadlines and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Hildebrand v. Allegheny Cty.*, 923 F.3d 128 (3d Cir. 2019). The court must balance the factors and may dismiss the action even if all factors do not weigh against the plaintiff. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). Nonetheless, "cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132. If the case is close, "doubts should be resolved in favor of reaching a decision on the merits." *Id.*

## III.   DISCUSSION

I recommend that the court deny CalAmp's motion to dismiss for failure to prosecute because, on balance, the *Poulis* factors weigh against dismissal. Since the entry of the scheduling order in this case, it is clear that both parties have actively participated in the litigation. Delayed compliance with scheduling order deadlines and deficient productions are the proper subjects of motions to compel discovery, as opposed to the draconian measure of

dismissal for failure to prosecute. It is expected that future extensions of time will be agreed to by the parties in the form of a stipulation, or formally requested upon a showing of good cause in accordance with the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 6(b), 16(b)(4).

## A.    Extent of PerDiem's Personal Responsibility

CalAmp argues that the first *Poulis* factor weighs in favor of dismissal because there is no indication that PerDiem's counsel, rather than PerDiem itself, is responsible for the inactivity in this case after the answer was filed. (D.I. 25 at 7) This argument does not support the extreme sanction of dismissing the action for failure to prosecute because PerDiem promptly submitted a proposed scheduling order once the court entered an order compelling it to do so. (D.I. 13)

CalAmp also contends that dismissal is appropriate due to PerDiem's belated compliance with the scheduling order deadlines for submitting the initial infringement contentions (filed about a month late at D.I. 27), and the identification of accused products (filed a month late at D.I. 20). (D.I. 25 at 7) Generally, the dismissal of a case for failure to prosecute occurs when the case has come to a grinding halt as a result of the plaintiff's failure to meet scheduling order deadlines. *See, e.g.*, *Marchio v. Christiana Care Health Sys.*, C.A. No. 19-1033-MN, 2021 WL 6500153, at *1-2 (D. Del. Aug. 19, 2021).

In sum, PerDiem could have been more proactive in its efforts to advance the case. However, the delays in this case are not solely attributable to PerDiem, and the case has progressed with minimal delays since the case was referred to the Vacant Judgeship docket. (*See, e.g.*, D.I. 29, Ex. N; 5/17/2022 Oral Order); *see Haraway v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 213 F.R.D. 161, 165 (D. Del. 2003) (denying motion to dismiss for failure to prosecute where the plaintiff was "largely responsible for the delay in this case but . . . not solely

4

responsible."). CalAmp has cited no authority to support the extreme sanction of dismissal on facts and circumstances analogous to those presently before the court. The first *Poulis* factor therefore weighs against dismissal.

## B.    Prejudice to CalAmp

Under the second *Poulis* factor, CalAmp alleges that it has been prejudiced by PerDiem's delay after the close of pleadings because it postponed a final resolution of its case. (D.I. 25 at 7) This argument rings hollow. Presumably, CalAmp would have taken some action during the nine-month window between the filing of its answer and the submission of the proposed scheduling order to mitigate any prejudice caused by the delay. (D.I. 31 at 3) ("Rule 26 allows discovery to commence as soon as the parties have conducted a planning conference and does not require any court order.").

CalAmp also suggests that delays in PerDiem's compliance with its scheduling order deadlines have hampered CalAmp's ability to develop its defenses and meet its own deadlines. (D.I. 25 at 7) In particular, CalAmp contends that it was prejudiced in its ability to prepare invalidity contentions and claim construction disclosures until PerDiem served its identification of accused products and initial infringement contentions. (*Id.*) But the record reflects that CalAmp timely served both its invalidity contentions and its claim construction disclosures.[2] (D.I. 37; D.I. 42; D.I. 44; D.I. 46) In fact, CalAmp agreed to extend the deadline for production of PerDiem's initial claim charts to February 10, 2022, and PerDiem ultimately served its initial claim charts on February 7, 2022, three days before the deadline proposed by CalAmp. (D.I. 27; D.I. 29, Ex. F) Consequently, the second *Poulis* factor weighs against dismissal.

---

[2] Both parties raise challenges to the sufficiency of the other side's document production and/or disclosures in their briefing. (*See, e.g.*, D.I. 25 at 2-3; D.I. 28 at 14-15) The court does not address those arguments here, as they are the proper subject of the discovery dispute resolution process and do not support a motion to dismiss for failure to prosecute.

## C.    History of Dilatoriness

CalAmp next argues that PerDiem has exhibited a pattern of inaction and missed deadlines in this case, citing the two instances when PerDiem belatedly complied with the scheduling order deadlines for identification of accused products and service of the initial claim chart. (D.I. 25 at 8) As previously discussed at § III.A, *supra*, delays of about one month in two instances do not constitute "a history of dilatoriness" sufficient to warrant the extreme sanction of dismissal. Therefore, the third *Poulis* factor weighs against dismissal.

## D.    Willful or Bad Faith Conduct

According to CalAmp, the fourth *Poulis* factor weighs in favor of dismissal because PerDiem's alleged inability to produce claim charts regarding the accused products supports a conclusion that PerDiem lacks a good faith basis under Rule 11 for its claims. (D.I. 25 at 8) But PerDiem has produced its initial claim charts and also describes the basis for its allegations in its answering brief. (D.I. 27; D.I. 28 at 9-11) Complaints about the sufficiency of PerDiem's identification of accused products and initial claim charts are the types of issues that routinely arise in patent litigation and are not the proper subject of a motion to dismiss for failure to prosecute. For these reasons, the fourth *Poulis* factor weighs against dismissal.

## E.    Effectiveness of Sanctions Other Than Dismissal

CalAmp proposes the following alternative sanction: (1) limiting PerDiem's infringement claims to the three products identified in the complaint; and (2) compelling PerDiem to reimburse CalAmp for fees and costs related to the production of core technical documents for the remaining fourteen accused products and the fees and costs of bringing the pending motion. (D.I. 25 at 9) Following the completion of briefing on the pending motion, CalAmp sought similar relief by filing a motion to strike PerDiem's identification of the fourteen accused products. (D.I. 48) The court denied the motion to strike, finding that the requested discovery

6

on those accused products was relevant and proportional to the needs of the case, and citing authority from this district declining to impose a "bright-line proposition that, in all cases, a plaintiff cannot take discovery on products it has not accused of infringement." (5/17/2022 Oral Order) (citing *Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 281 (D. Del. 2012)). To award the alternative sanction proposed by CalAmp would be inconsistent with the court's subsequent order on this issue. At this time, therefore, the fifth *Poulis* factor weighs against partial dismissal and fee shifting.

### F.    Meritoriousness of the Claim or Defense

Finally, the court evaluates the merits of PerDiem's claims. "Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citing *Poulis*, 747 F.2d at 869-70). But CalAmp does not apply a Rule 12(b)(6) analysis to PerDiem's claims at this juncture. Instead, CalAmp reiterates the same arguments regarding PerDiem's failure to prosecute in the nine months after the answer was filed and its failure to satisfy two scheduling order deadlines. (D.I. 25 at 9-10) On this record, there is no basis to conclude that PerDiem's claims lack merit under the Rule 12(b)(6) standard. Therefore, the sixth and final *Poulis* factor weighs against dismissal.

### IV.    CONCLUSION

Having determined that none of the *Poulis* factors weighs in favor of dismissal, I recommend that the court DENY CalAmp's motion to dismiss. (D.I. 24)

Given that the court has relied upon material that technically remains under seal, the court is releasing this Report and Recommendation under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Report and

Recommendation should be redacted, the parties shall jointly submit a proposed redacted version by no later than **November 4, 2022**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within thirty (30) days of the date the Report and Recommendation issued.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to five (5) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: October 28, 2022

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

8