IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PERDIEMCO LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CALAMP CORP., ) <br> ) <br> Defendant. ) | Civil Action No. 20-1397-GBW-SRF |

## MEMORANDUM ORDER

At Wilmington this **17th** day of **March, 2023**, the court having considered plaintiff PerDiemCo LLC's ("Plaintiff") motion to amend the scheduling order and associated filings (D.I. 145; D.I. 146; D.I. 147), the response of defendant CalAmp Corp. ("Defendant") (D.I. 173), and Plaintiff's reply and associated filings (D.I. 181; D.I. 182; D.I. 183), IT IS ORDERED that the motion is DENIED without prejudice as follows:

1. **Background.** On October 16, 2020, Plaintiff brought this action by filing a complaint against Defendant for infringement of U.S. Patent Nos. 9,680,941; 9,871,874; 10,021,198; 10,277,689; 10,284,662; 10,382,966; 10,397,789; and 10,602,364 (collectively, the "patents-in-suit"), which are directed to methods and devices for improved location tracking. (D.I. 1) Defendant answered the complaint on December 28, 2020. (D.I. 8)

2. After nine months of inactivity in the case, the court ordered the parties to submit a proposed scheduling order. (D.I. 10) On October 27, 2021, the court entered a scheduling order setting a fact discovery deadline of December 6, 2022. (D.I. 16 at ¶ 8(a))

3. Plaintiff filed an opposed motion to amend the scheduling order on October 14, 2022, seeking to extend the scheduling order deadlines by six months. (D.I. 89) The court

granted-in-part the requested relief, extending the fact discovery deadline by three months to March 17, 2023, and setting a trial date of January 8, 2024. (D.I. 100; D.I. 105)

4. On February 16, 2023, one month before the expiration of the fact discovery deadline, Plaintiff again moved to amend the scheduling order. (D.I. 145) Plaintiff's proposed amended deadlines in the pending motion seek extensions of about three months, largely consistent with its proposed dates that were rejected by the court in October of 2022. (*Compare* D.I. 89 at 2 *with* D.I. 146 at 9) (seeking a pretrial conference date of March 8, 2024 and a jury trial beginning on March 18, 2024).

5. **Legal standard.** Applications for amendments to the scheduling order are governed by Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 15-785-LPS, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016).

6. **Analysis.** Plaintiff's motion to amend the scheduling order is DENIED without prejudice because Plaintiff has not shown good cause to amend the schedule. (D.I. 145) Plaintiff's motion does not address the applicable legal standard under Rule 16(b)(4) or articulate how the requested extensions are supported by good cause in the context of that standard.

7. Instead, Plaintiff presents a summary of technical and damages discovery that has not yet been completed "[d]espite PerDiem's best efforts." Below is a chart setting forth each discovery item raised by Plaintiff and the court's corresponding reasons for finding no good cause to award an extension to obtain the requested discovery:

2

| **Plaintiff's Remaining Discovery** | **Findings on Lack of Diligence** |
|---|---|
| Deposition testimony on the design and/or operation of the allegedly infringing products (D.I. 146 at 3-4) | In late January of 2023, Plaintiff deposed two witnesses who were first identified in Defendant's initial disclosures served more than a year earlier on November 29, 2021. (D.I. 21)<br><br>Prior to the deposition of Mr. Westerman on January 24, 2023, Defendant notified Plaintiff that Mr. Westerman no longer possessed relevant information on the subject matter due to the evolution of the case. (D.I. 173, Ex. A at 2) Plaintiff proceeded with the deposition anyway and now complains that Mr. Westerman was unable to answer questions during the deposition. (D.I. 147, Ex. 1)<br><br>On February 21, 2023, Defendant served its supplemental initial disclosures identifying potential trial witnesses, and Plaintiff noticed the depositions of three witnesses before the end of February. (D.I. 153; D.I. 160; D.I. 167) There is no indication on the present record that those depositions will not be completed before the close of fact discovery on March 17, 2023. |
| 30(b)(6) deposition on the structure, function, and operation of the Accused Instrumentalities (D.I. 146 at 4) | This discovery has been the subject of two court orders. (D.I. 140; D.I. 180) The court is not inclined to extend deadlines in the case schedule to allow a party to take discovery that has been denied on two occasions. |
| Production of product roadmaps for the accused products (D.I. 146 at 4) | Mr. Westerman allegedly disclosed the existence of product roadmaps during his deposition on January 24, 2023. (D.I. 146 at 4)<br><br>Plaintiff does not represent that it requested the production of these product roadmaps from Defendant or that Defendant refused to produce them. Since Mr. Westerman's deposition, Plaintiff has filed two motions for a discovery dispute hearing identifying a total of seven issues to be heard by the court. (D.I. 162; D.I. 172) Neither motion identified product roadmaps as an unresolved discovery issue. Plaintiff has therefore failed to establish the requisite diligence on this issue. |
| Production of source code and allegedly inaccessible documents embedded in source code (D.I. 146 at 4-5) | Defendant represents that its source code was first made available to Plaintiff in mid-2022, and the record confirms that the parties were resolving logistical issues surrounding source code review by October of 2022. (D.I. 173 at 5; D.I. 106 at 56:23-61:8) |

3

| | |
|---|---|
| | The parties confirm that Plaintiff only recently engaged in a meaningful review of Defendant's source code over the course of five days. (D.I. 146 at 4; D.I. 173 at 5) The exhibits suggest this review occurred in early February of 2023. (D.I. 147, Exs. 3-4; D.I. 173, Ex. B)<br><br>Since the source code review in early February, Plaintiff has filed two motions for a discovery dispute hearing identifying a total of seven issues to be heard by the court. (D.I. 162; D.I. 172) Neither motion identified deficiencies in Defendant's production of source code as an unresolved discovery issue. Plaintiff has therefore failed to establish the requisite diligence on this issue. |
| Production of information on: (1) mobile devices tracked by each of the Accused Instrumentalities by month in units and dollars; (2) profits realized by Defendant from its tracking services; and (3) revenues generated by Defendant's sale of hardware components employed in the accused tracking services (D.I. 146 at 5-7) | The requested damages-related discovery has already been the subject of two court rulings on October 25, 2022 and January 31, 2023. (D.I. 106; D.I. 140) The court previously found that the information sought by Plaintiff is ascertainable from sales information produced by Defendant in June and July of 2022, which was reproduced in Excel format and served on Plaintiff on October 19, 2022. (D.I. 95 at 1-2; D.I. 106 at 19:11-21:15) Plaintiff's recent discovery of data allegedly missing from the Excel spreadsheet produced more than four months ago does not satisfy the diligence standard, and the court addressed Plaintiff's new arguments in the Oral Order on January 31, 2023. (D.I. 140) The court is not inclined to extend deadlines in the case schedule to allow a party to take discovery that has been denied on two occasions. Pending objections to discovery rulings are subject to the clearly erroneous standard of review and do not weigh in favor of extensions to the scheduling order. (D.I. 144); Fed. R. Civ. P. 72(a). |
| Production of invoices underlying the data disclosed in Defendant's Excel spreadsheet on sales information, and / or production of a catalog correlating Defendant's internal part numbers with specific service and product offerings (D.I. 146 at 7-8) | Plaintiff maintains that Defendant's third supplemental interrogatory response, served on February 7, 2023, disclosed a single invoice which leads Plaintiff to believe that additional invoices and/or a catalog of internal part numbers and product offerings may disclose data on hardware sales that is absent from the Excel spreadsheet. (D.I. 146 at 7) Plaintiff's reply brief discloses that this invoice was produced by Defendant on November 21, 2022. (D.I. 181 at 3; D.I. 147, Ex. 6) Plaintiff has demonstrated its own lack of diligence on this discovery by disclosing that the |

4

| | invoice was produced less than a month after Defendant served the Excel spreadsheet, and yet Plaintiff waited more than three months to raise the alleged discrepancy between part numbers identified in the invoice and the spreadsheet.<br><br>The adequacy of Defendant's disclosures on hardware sales is scheduled to be heard by the court on March 23, 2023. (D.I. 172) To the extent that any further discovery is warranted on the matter, the court will address any isolated extensions of the fact discovery deadline as needed at the appropriate time. |
|---|---|
| Production of monthly financial reports identifying sales, gross margins, comparisons to prior periods, and comparisons to forecasts (D.I. 146 at 8) | Plaintiff contends that the deposition of Mr. Schulz on January 31, 2023, revealed the existence of this information. (D.I. 147, Ex. 7 at 23-25) The adequacy of Defendant's disclosures on monthly financial reports is scheduled to be heard by the court on March 23, 2023. (D.I. 172) To the extent that any further discovery is warranted on the matter, the court will address any isolated extensions of the fact discovery deadline as needed at the appropriate time. |
| Production of quarterly financial reports and Board financial reports (D.I. 146 at 8) | Plaintiff contends that the deposition of Mr. Schulz on January 31, 2023, revealed the existence of this information. (D.I. 147, Ex. 7 at 23-25) The adequacy of Defendant's disclosures on quarterly financial reports and Board financial reports is scheduled to be heard by the court on March 23, 2023. (D.I. 172) To the extent that any further discovery is warranted on the matter, the court will address any isolated extensions of the fact discovery deadline as needed at the appropriate time. |

8. In reply, Plaintiff identifies a new development since the filing of the motion to amend the scheduling order, alleging that third party United Parcel Service ("UPS") has ignored a Rule 45 subpoena for documents and testimony. (D.I. 181 at 1) Plaintiff suggests that the court is familiar with the issue of UPS's reliance on Defendant for data storage support, but the corresponding exhibits confirm that Plaintiff did not serve the subpoena until February 7, 2023. (*Id.*; D.I. 182, Exs. C-D) Plaintiff does not explain why it was unable to pursue this third-party discovery earlier in the fact discovery period and has therefore not made the requisite showing of

5

diligence. Plaintiff also fails to explain why this third-party discovery necessitates a disruption of the entire case schedule. According to Plaintiff, a motion to compel the discovery is pending in the appropriate forum. (D.I. 181 at 1)

9. Plaintiff is mistaken about the effect of its proposal to extend the dispositive motion deadline. Such an extension would result in the loss of a trial date with no assurances that the trial will simply be moved ahead by an equivalent number of months. Rather, the scheduling of a new trial date is subject to the convenience of the court.

10. **Conclusion.** For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to amend the scheduling order is DENIED without prejudice. (D.I. 145)

11. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **March 20, 2023**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**12.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to two (2) pages each.

**13.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge